1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10  RAYMOND HERNANDEZ,

11         Plaintiff,                    1:06-CV-0258 ALA P

12      vs.

13  S. DANIELSON, et al.,

14         Defendants.              ORDER

15  _____/

16      Plaintiff Raymond Hernandez is a state prisoner proceeding pro se and in forma pauperis

17  in this civil rights actions pursuant to 42 U.S.C. § 1983.  On March 8, 2006, Plaintiff filed a

18  complaint alleging a violation of Plaintiff's constitutional rights.  On September 12, 2007,

19  Plaintiff filed a first amended complaint.

20      The Federal Rules of Civil Procedure provide that a party may amend his or her pleading

21  "once as a matter of course at any time before a responsive pleading is served." FED. R. CIV. P.

22  15(a).  However, an amended or supplemental complaint supersedes the original complaint. *See*

23  *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended pleading is filed, the original

24  pleading no longer serves any function in the case. *Id.*; *see also* E.D. Local Rule 15-220.

25  Plaintiff's original complaint is therefore dismissed.  Additionally, examination of Plaintiff's

26  first amended complaint finds that Defendants are employees of a governmental entity.

**I**

Pursuant to 28 U.S.C. § 1915A(a), when the litigant is a prisoner, the court must screen complaints brought against a governmental entity or officer or employee of a governmental entity.  The Court must dismiss the complaint if the claims contained in it, even when read broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money damages from a defendant who is immune from such relief.  28 U.S.C. § 915(A)(b).  A claim "is frivolous [if] it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "At this stage of the litigation, [this Court] must accept [Plaintiff's] allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.*

"To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cr. 2006).

Review of Plaintiff's first amended complaint finds that the complaint states a colorable claim for relief against Defendants Kim, Richardson and Shu pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

**II**

As to the other Defendants, Plaintiff's first amended complaint does not state a colorable claim for relief.  Plaintiff's complaint concerns treatment of Plaintiff's medical needs.  "'The unnecessary and wanton infliction of pain upon incarcerated individuals under color of law constitutes a violation of the Eight Amendment.'" *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)).  "A violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to a prisoner's medical needs." *Id.* at 1057.

1    "In the Ninth Circuit, the test for deliberate indifference consists of two parts." *Jett v.*

2   *Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  "First, the plaintiff must show a 'serious medical

3   need' by demonstrating that 'failure to treat a prisoner's condition could result in further

4   significant injury or the 'unnecessary and wanton infliction of pain.'"  *Id.* (quoting *McGuckin*,

5   974 F.2d at 1059).  "Second, the plaintiff must show the defendant's response to the need was

6   deliberately indifferent."  *Id.*   A plaintiff can show a defendant's response was deliberately

7   indifferent by demonstrating "(a) a purposeful act or failure to respond to a prisoner's pain or

8   possible medical need and (b) harm caused by the indifference."  *Id.*  "Indifference 'may appear

9   when prison officials deny, delay or intentionally interfere with medical treatment, or it may be

10   shown by the way in which prison physicians provide medical care.'"  *Id.* (quoting *McGuckin*,

11   974 F.2d at 1059).

12    "A prison official acts with 'deliberate indifference . . . only if [he or she] knows of and

13   disregards an excessive risk to inmate health and safety."  *Toguchi*, 391 F.3d 1057.   "Under this

14   standard, the prison official must not only 'be aware of facts from which the inference could be

15   drawn that a substantial risk of serious harm exists,' but that person 'must also draw the

16   inference.'"  *Id.*  (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  "'[D]eliberate

17   indifference to medical needs may be shown by circumstantial evidence when the facts are

18   sufficient to demonstrate that a defendant actually knew of a risk of harm.'"  *Id.* at 1057 n.4

19   (quoting *Lolli v. County of Orange*, 351 F.3d 410, 421 (9th Cir. 2003)).

20    While Plaintiff's first amended complaint explains the events at issue and names each

21   Defendant, Plaintiff does not always allege the precise actions of a named Defendant which

22   allegedly constituted deliberate indifference.  Instead, Plaintiff frequently groups all the

23   Defendants together and makes legal conclusions.  *See* Complaint at 13 ("Defendant(s) continue

24   to deny Plaintiff equal protection of the laws and deprive him of needed medical relief.").

25    Therefore, based on the above, Plaintiff may proceed on his first amended complaint,

26   against Defendants Kim, Richardson and Shu.

**III**

To proceed against other defendants, Plaintiff must file a second amended complaint. However, as noted above, an amended complaint will supersede the current complaint. Once an amended pleading is filed, the current pleading no longer serves any function.

Any amended complaint must show that the federal court has jurisdiction and that Plaintiff's action is brought in the right place, that Plaintiff is entitled to relief if Plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving Plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If Plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. FED. R. CIV. P. 10(B). Plaintiff may join multiple claims if they are all against a single defendant. FED. R. CIV. P. 18(a). If Plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. FED. R. CIV. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); FED. R. CIV. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); FED. R. CIV. P. 8.

Plaintiff must eliminate from Plaintiff's pleading all preambles, introductions, argument,

1   speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible

2   defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)

3   (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El*

4   *v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of

5   Civil Procedure is fully warranted" in prisoner cases).

6          A district court must construe pro se pleading "liberally" to determine if it states a claim

7   and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give a plaintiff an

8   opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However,

9   the "[f]actual allegations must be enough to raise a right to relief above the speculative level on

10  the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell*

11  *Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

12         The court (and Defendant) should be able to read and understand Plaintiff's pleading

13  within minutes. *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including many

14  defendants with unexplained, tenuous or implausible connection to the alleged constitutional

15  injury or joining a series of unrelated claims against many defendants very likely will result in

16  delaying the review required by 28 U.S.C. § 1915 and an order dismissing Plaintiff's action

17  pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

18         An amended complaint must be complete in itself without reference to any prior

19  pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff

20  files an amended complaint, the original pleading is superseded.

21         Plaintiff is admonished that by signing an amended complaint he certifies he has made

22  reasonable inquiry and has evidentiary support for his allegations and that for violation of this

23  rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  FED. R.

24  CIV. P. 11.  Prison rules require Plaintiff to obey all laws, including this one, and Plaintiff may

25  be punished by prison authorities for violation of the court's rules and orders.  *See* 15 Cal.

26  Admin. Code § 3005.

1    A prisoner may bring no § 1983 action until he has exhausted such administrative

2  remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

3  *v. Churner*, 532 U.S. 731, 741 (2001).  Plaintiff is further admonished that by signing an

4  amended complaint he certifies his claims are warranted by existing law, including the law that

5  he exhaust administrative remedies, and that for violation of this rule Plaintiff risks dismissal of

6  his action.

**IV**

8    Therefore,  IT IS HEREBY ORDERED that:

9         1.  Plaintiff's March 8, 2006, complaint is dismissed;

10        2.  Plaintiff's claims against Defendants Tilton, Yates, Galaviz, Culton, Alvarez,

11  Nichols, Bresler, Cantrell, Evans, Contreras, Parker and Nguyen are dismissed for the reasons

12  discussed above, with leave to file a second amended complaint within thirty-five (35) days from

13  the date of this order.  Failure to file a second amended complaint will result in Defendants

14  Tilton, Yates, Galaviz, Culton, Alvarez, Nichols, Bresler, Cantrell, Evans, Contreras, Parker and

15  Nguyen being dismissed from this action; and

16        3.  Upon filing a second amended complaint or expiration of the time allowed

17  therefor, the court will make further orders for service of process upon some or all of the

18  Defendants.

19  /////

20  Dated: January 15, 2008

21                    /s/ Arthur Alarcón
                   UNITED STATES CIRCUIT JUDGE
22                 Sitting by Designation

23

24

25

26

6