# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND HERNANDEZ,<br><br>                    Plaintiff,<br><br>      v.<br><br>S. DANIELSON, et al.,<br><br>                    Defendants.<br>_____/ | CASE NO. 1:06-cv-00258-OWW-YNP PC<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 14.)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

Plaintiff Raymond Hernandez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and was incarcerated at Pleasant Valley State Prison at the time the events in his complaint took place. Plaintiff is suing under section 1983 for the violation of his rights under the Eighth Amendment. Plaintiff also alleges violations of state law. Plaintiff names R. Richardson (food truck operator), M. Kim (physician), and Shu (medical doctor) defendants. For the reasons set forth below, Plaintiff will be given the opportunity to either file an amended complaint, or to notify the court that he wishes to proceed only on the claims found to be cognizable in this order.

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.    Background

### A.    Procedural Background

Plaintiff filed the original complaint in this action on March 8, 2006. (Doc. #1.) Plaintiff, on his own initiative, filed his First Amended Complaint on September 12, 2007. (Doc. #10.) The Court screened Plaintiff's First Amended Complaint on January 15, 2008. (Doc. #11.) The Court dismissed Plaintiff's complaint and granted leave to file a Second Amended Complaint. Plaintiff filed his Second Amended Complaint on March 14, 2008. (Doc. #14.) This action proceeds on Plaintiff's Second Amended Complaint.

### B.    Factual Background

On December 21, 2004, Plaintiff was working in the prison dining kitchen. (Compl. ¶ 12.) After a food truck driven by Defendant Richardson arrived, Plaintiff went to the dock area to assist in unloading the truck. (Compl. ¶ 13.) Plaintiff jumped into the back of the truck and pushed two carts onto the truck's hydraulic lift-gate. (Compl. ¶ 14.) Defendant Richardson began to lower the

lift-gate when it malfunctioned, causing the lift-gate to tilt and the carts fell on Plaintiff. (Compl. ¶ 14.) Plaintiff fell, injuring his knee, and the 800 pound carts fell on Plaintiff's hands. (Compl. ¶ 15.) Plaintiff's hands were badly crushed, causing profuse bleeding and shattered bones protruded through the skin. (Compl. ¶ 16.)

Plaintiff alleges that Defendant Richardson was aware of several prior injuries that resulted from the food transport truck malfunctioning and injuring other inmates. (Compl. ¶ 39.) Defendant Richardson was specifically aware that the lift-gate was malfunctioning and could cause injury to inmates unloading the food truck. (Compl. ¶ 69.) Defendant Richardson "was employed by the California Department of Corrections and Rehabilitation as a Food Truck Operator at Pleasant Valley State Prison". (Compl. ¶ 7.)

Plaintiff was escorted to the facility's health clinic. (Compl. ¶ 17.) Plaintiff's hands were wrapped with gauze and rags to slow the flow of blood. (Compl. ¶ 18.) Plaintiff was transported to the Central Treatment Center at PVSP for further treatment. (Compl. ¶ 19.) Plaintiff was prescribed pain medication and x-rays were taken of his hands. (Compl. ¶ 20.) Plaintiff was transported to a medical imaging consultant to take impressions of his right and left hands. (Compl. ¶ 21.) The following day, Plaintiff was transported to another medical consultant in Hanford, California where his left hand was dressed. (Compl. ¶ 22.) When Plaintiff returned to his housing unit at PVSP, he complained that he would not be able to care for himself because both of his hands were crushed, but his complaints were ignored. (Compl. ¶ 24.) Plaintiff was scheduled for surgery on 12/31/2004, but prison officials refused to transport Plaintiff for surgery. (Compl. ¶ 25.) Plaintiff received reconstructive surgery on January 6, 2005. (Compl. ¶ 27.) Plaintiff complains that after the surgery, he was left in his cell severely sedated, unable to care for himself, and his dressings were not changed. (Compl. ¶ 27.)

On February 7, 2005, Plaintiff was seen by Dr. Han at the Fresno Surgery Center and was informed that an incision in his hand had become infected. (Compl. ¶ 28.) After returning to PVSP, Plaintiff, with the help of a fellow inmate, filed an administrative appeal and received priority ducats to see the doctor. (Compl. ¶ 29-30.)

///

1 Plaintiff saw Defendant Shu on February 16, 2005 who discovered the infection in Plaintiff's left
2 hand and scheduled Plaintiff to see Dr. Han on February 28, 2005. (Compl. ¶ 31.)

3 On September 11, 2005, Plaintiff filed a request for medical treatment because the screws
4 and brackets in his left hand were causing excruciating pain. (Compl. ¶ 32.) On December 29, 2005,
5 Plaintiff received surgery to have the screws and brackets removed.

6 Plaintiff alleges that his requests for medical treatment were repeatedly delayed, such as his
7 requests for gauze changes and cleaning of the surgical areas. (Compl. ¶ 34.) Plaintiff continues to
8 experience great pain and irreparable damage because of the allegedly deficient medical treatment.
9 (Compl. ¶ 35.) Around February 1, 2005, Plaintiff made complaints to Defendant Kim regarding
10 the inadequate medical treatment that were ignored, resulting in the injury to his hand becoming
11 worse. (Compl. ¶ 44-45.) Plaintiff alleges that Defendant Shu is directly responsible for Plaintiff's
12 permanent injury because his medical treatment ordered on 1/19/2005 was intentionally delayed.
13 (Compl. ¶ 52.)

14 Plaintiff alleges that from January 6, 2005 to January 19, 2005, Plaintiff went without
15 bandage changes on his hands. (Compl. ¶ 55.) Plaintiff states that on January 19, 2005, Dr. Han
16 changed Plaintiff's bandages and discovered that an infection set in because medical staff had not
17 been changing Plaintiff's bandages. (Compl. ¶ 55.) On February 16, 2005, Plaintiff told Defendant
18 Shu that he had difficulty getting his bandages changed and asked if Defendant Shu would look at
19 his left hand to see if he could get some relief from the pain. (Compl. ¶ 56.) Defendant Shu told
20 Plaintiff that he would not unwrap Plaintiff's wound because Plaintiff "was a worker's comp case".
21 (Compl. ¶ 57.) Plaintiff alleges that his infection got worse because Defendant Shu delayed medical
22 treatment. (Compl. ¶ 57.)

23 On June 9, 2005, Plaintiff's therapist "determined that Plaintiff['s] hand could not be restored
24 because of what was termed 'Mitten Syndrome' (lack of treatment) [and that Plaintiff] would most
25 likely be disabled for life." (Compl. ¶ 63.)

26 ///
27 ///
28 ///

## III. Discussion

### A. Eighth Amendment Claims

Plaintiff claims that Defendants violated his rights under the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

#### 1. Delay/Inadequate Medical Treatment

Plaintiff claims that Defendants Shu and Kim ignored Plaintiff's complaints about inadequate or delayed medical treatment and caused Plaintiff's infection to worsen. "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (quoting Estelle, 429 U.S. at 104). Delay of medical treatment can amount to deliberate indifference. See Jett v. Penner, 439 F.3d 1091, 1096

5

(9th Cir. 2006); Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); McGuckin, 974 F.2d at 1059; Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).

Plaintiff alleges that Defendants Shu and Kim were deliberately indifferent to his medical needs because they ignored Plaintiff's complaints to them about the delays in his medical treatment and that his bandages were not being re-dressed and cleaned. Plaintiff alleges that because his requests to have his bandages re-dressed and cleaned were ignored, the infection in his hand worsened and caused permanent injury. Plaintiff alleges that Defendants Shu and Kim ignored Plaintiff's complaints and Defendant Shu would not unwrap Plaintiff's bandages because he was a worker's comp case. It is not clear what the relationship between Plaintiff's worker's comp case is and Defendant Shu's refusal to unwrap Plaintiff's bandages, but at the very least the refusal to unwrap the bandages demonstrates deliberate indifference. Plaintiff states a cognizable claim against Defendants Shu and Kim.

### 2. Exposure to Excessive Risk of Harm

Plaintiff claims that Defendant Richardson acted with deliberate indifference when he operated the food truck and allowed Plaintiff to unload the food truck while knowing that the lift-gate was malfunctioning. Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). Plaintiff alleges that his personal safety was unconstitutionally placed at risk by Defendant Richardson because he allowed Plaintiff to unload the food truck knowing that the lift-gate was malfunctioning.

Plaintiff's allegations meet the objective requirement for an Eighth Amendment violation. Plaintiff alleges that the risk to his personal safety was "sufficiently serious" because the malfunctioning lift-gate resulted in serious and permanent injury to his hands. Plaintiff's allegations also meet the subjective requirement for an Eighth Amendment violation. Plaintiff alleges that Defendant Richardson "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety". Defendant Richardson knew that the lift-gate was malfunctioning and posed a risk to inmate safety

because there had been a prior accident involving another inmate operating the lift-gate. Therefore, Defendant Richardson had a "sufficiently culpable state of mind". Plaintiff states a cognizable claim against Defendant Richardson for violation of the Eighth Amendment.

### B.  Fourteenth Amendment Claims

Although Plaintiff does not list the violation of the Equal Protection Clause of the Fourteenth Amendment as one of his three claims for relief, Plaintiff alleges that Defendants denied Plaintiff equal protection of the law. (Compl. ¶ 10.) The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir.2005).

Plaintiff does not allege discrimination on the basis of his membership in a protected class. Where the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir.2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

Plaintiff does not allege that he is a member of an identifiable class and was intentionally treated differently from others similarly situated because of his membership in any identifiable class. Said differently, Plaintiff has not alleged that he was discriminated against. As such, Plaintiff fails to state a claim under the Equal Protection Clause of the Fourteenth Amendment.

### C. Violations of State Law

In his third claim for relief, Plaintiff alleges that Defendants Shu and Kim are liable to Plaintiff for violations of California penal statutes. (Compl. ¶¶ 86-95.) A private right of action under a criminal statute has rarely been implied. Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979). Where a private right of action has been implied, "'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'" Id. at 316 (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)). The court has reviewed the penal statutes in question and there is no indication that civil enforcement of any kind is available to plaintiff. Further, because Plaintiff's claims are specifically protected by the Eighth Amendment, it is unnecessary for Plaintiff to rely on the argument that the penal statutes create liberty interests protected by the Due Process Clause of the Fourteenth Amendment. See supra Part III.A.1. Plaintiff's claims are properly construed as Eighth Amendment claims.

### IV. Conclusion and Order

Plaintiff's complaint states cognizable claims against Defendants Richardson, Shu and Kim for violation of the Eighth Amendment. Plaintiff's complaint fails to state claims against any other defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff three (3) summonses and three (3) USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's

constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

However, although Plaintiff's factual allegations will be accepted as true, and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 U.S. LEXIS 3472, 2009 WL 1361536, *28 (U.S. May 18, 2009). (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at *29 (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

        b.      Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Richardson, Shu, and Kim for violation of the Eighth Amendment; and

  3.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:**   **June 15, 2009**                                /s/ Sandra M. Snyder
                                                       UNITED STATES MAGISTRATE JUDGE