UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. DANIELSON, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-00258-OWW-SKO PC<br><br>ORDER TO SHOW CAUSE WHY DEFENDANTS SHU AND KIM SHOULD NOT BE DISMISSED FROM THIS ACTION |

Plaintiff Raymond Hernandez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 27, 2009, the Court issued an order directing the U.S. Marshal to serve Defendants Shu, R. Richardson, and Dr. Kim with a summons and a copy of Plaintiff's second amended complaint. (Doc. #23.) On September 21, 2009, a summons was returned unexecuted as to Defendants Shu and Dr. Kim.[1] (Doc. #26.) The U.S. Marshal indicated that Dr. Shu and Dr. Kim could not be located. A letter from Pleasant Valley State Prison indicated that there were no records of either person being employed at the institution.

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

---

[1] The Court has received a waiver of service from Defendant R. Richardson. (Doc. #30.)

1

     Defendants Shu and Kim have not been served within the 120 day deadline set forth in Rule 4(m).  Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915 and is entitled to have process served by a U.S. Marshal.  28 U.S.C. § 1915(d), Federal Rule of Civil Procedure 4(c)(3).  However, the inability to serve Defendants Shu and Kim appears to stem from Plaintiff's failure to provide sufficient information to locate Defendants and effect service.  See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (dismissal under Rule 4 appropriate where Plaintiff fails to provide U.S. Marshal with sufficient information to serve defendant) abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).  Plaintiff is responsible for providing sufficient information to the U.S. Marshal to effect service of process.

     Accordingly, Plaintiff is HEREBY ORDERED TO SHOW CAUSE within **thirty (30) days** why Defendants Shu and Kim should not be dismissed from this action pursuant to Federal Rule of Civil Procedure 4(m).[2]

IT IS SO ORDERED.

**Dated:   April 26, 2010**               /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE

---

[2] Should Plaintiff have more current information on the whereabouts of the unserved Defendants, he should provide it to the Court at this time.